UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

NOREEN J. CLARK,

                          Plaintiff,

v.                                         **DECISION AND ORDER**
                                                      07-CV-842S

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.

1. Plaintiff Noreen J. Clark challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since June 20, 2003 due to knee pain, left foot pain, left elbow pain, depression, and an anxiety disorder. Plaintiff contends that her impairments render her unable to work. She therefore asserts that she is entitled to disability benefits under the Act.

2. Plaintiff filed applications for Disability Insurance benefits ("DIB") and Supplemental Security Income benefits ("SSI") on August 22, 2003. (R. at 47-51.) Her applications were denied initially, after which she requested a hearing before an ALJ. That hearing took place on November 7, 2006. The ALJ considered Plaintiff's case *de novo*, and on May 11, 2007, issued a decision denying Plaintiff's application for benefits. On October 26, 2007, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action challenging Defendant's final decision on December 20, 2007.[1]

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review.

1

3. The parties subsequently filed Motions for Judgment on the Pleadings.[2] After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on June 16, 2008. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

---

[2] Defendant filed his Motion on April 23, 2008 (Docket No. 4), while Plaintiff filed her Motion on April 30, 2008 (Docket No. 6).

may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

      6.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

      7.     This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

3

see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since June 20, 2003 (R. at 17); (2) Plaintiff's knee pain, elbow pain, and left foot pain are "severe" impairments within the meaning of the Act (R. at 17-19); (3) Plaintiff's impairments do not meet or medically equal an impairment listed in Appendix 1, Subpart P, Regulations No. 404 (R. at 19-20); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work activity (R. at 20.[3]); and (5) Plaintiff is able to perform her past relevant work, including the duties of housekeeper, housekeeper supervisor, and cafeteria worker. (R. at 24-25.[4]) The ALJ therefore concluded that Plaintiff was not disabled.

---

[3] Specifically, the ALJ found that Plaintiff could lift/carry 25 pounds occasionally and twenty pounds frequently and stand/walk for about six hours in an eight-hour day. She had no problem with sitting, pushing or pulling. She could not crawl. She was able to follow and understand simple directions, perform simple tasks and maintain attention and concentration. (R. at 20.)

[4] Because the ALJ found that Plaintiff could perform her past relevant work, the ALJ made no findings as to Plaintiff's ability to perform alternative work.

10. Plaintiff argues that the ALJ erred by failing to re-contact Dr. Patricia J. Danaher to allow her to clarify her medical opinions. (Pl.'s Mem., pp. 5-6.[5]) Specifically, Plaintiff contends that Dr. Danaher's opinions were inconsistent in that she opined that Plaintiff was limited to sedentary/light duty work (R. at 195), and had no restrictions with respect to walking or standing (R. at 198), yet, in a different opinion, stated that Plaintiff was severely limited with respect to her ability to walk (R. at 209).

Recontacting medical providers is necessary when the ALJ cannot make a disability determination based on the evidence of record. 20 C.F.R. § 404.1512(e). Additional evidence or clarification is sought if there is a conflict or ambiguity that must be resolved, when the medical reports lack necessary information, or when the reports are not based on medically acceptable clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1512(e)(1); Rosa v. Callahan, 168 F.3d 72, 80 (2d Cir. 1999); Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998). But the ALJ is not prevented from making a disability determination if "the evidence . . . , including any medical opinion(s), is inconsistent with other evidence or is internally inconsistent, [so long as the ALJ weighs] all of the evidence and see[s] whether [he] can decide whether [plaintiff is] disabled based on the evidence." 20 C.F.R. § 404.1527(c)(2).

Here, there is no indication that the ALJ had insufficient evidence or could not reach a conclusion based on the record before him. The ALJ weighed the opinions of numerous medical professionals of record, including those of Dr. Danaher, and determined that Dr. Danaher's opinion, which stated that Plaintiff was severely limited in her ability to walk,

---

[5] Referring to Plaintiff's Memorandum of Law in Support of her Motion for Judgment on the Pleadings. (Docket No. 6.)

5

merited little weight.  In making this determination, the ALJ found Dr. Danaher's opinion was inconsistent with her previous opinion, which stated that Plaintiff could perform sedentary/light duty, and was also inconsistent with the findings of Drs. Bauer, Balderman, and Ryan.  This Court also notes that Dr. Danaher's opinion, which stated that Plaintiff was severely restricted in walking, was made in connection with Plaintiff's application for a handicap license plate, and was not for the purpose of addressing Plaintiff's ability to perform work activities.  (R. at 209.)  When informed by Plaintiff that she was applying for disability benefits, Dr. Danaher expressed her doubt that Plaintiff would qualify for such benefits.  (R. at 306-7.)  Accordingly, the ALJ did not err in declining to contact Dr. Danaher.

11. After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering her decision that Plaintiff is not disabled within the meaning of the Act.  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings, and deny Plaintiff's Motion for Judgment on the Pleadings.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 4) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 6) is DENIED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to

close this case.

       SO ORDERED.


Dated:  September 8, 2009
         Buffalo, New York

                                               <u>/s/William M. Skretny</u>
                                               WILLIAM M. SKRETNY
                                          United States District Judge